UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LEANNE C. SHOPPELL, as Personal Representative of the ESTATE OF LARRY E. WALKUP, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 1:08-CV-284 PS |
| MICHAEL D. SCHRADER, *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leanne C. Shoppell filed this action as the representative of the Estate of Larry Walkup, who died while incarcerated in the Whitley County Jail. Shoppell initially named the Whitley County Board of Commissioners, among others, as a defendant. (*See* DE 1.) But on March 2, 2009, this Court granted the Commissioners' motion to dismiss, holding that the Whitley County Council - not the Board of Commissioners - is the proper defendant against which Shoppell should assert her theory of liability. (*See* DE 29.) The Court dismissed the claims against the Commissioners, gave Shoppell thirty days to amend the complaint, and specifically noted that the amended complaint could assert claims against the Commissioners if it made sufficient factual allegations. (*Id.* at 6-7.) On March 30, Shoppell amended the complaint, but declined to assert any claims against the Commissioners. (DE 30.) Instead, she essentially substituted the Council for the Commissioners. (*Id.* ¶¶59-67.) The Commissioners now move the Court for an entry of judgment under Federal Rule of Civil Procedure 54(b). (DE 34.)

This Court's prior dismissal of the claims against the Commissioners is not a final judgment. *See* Fed. R. Civ. Pro. 54(b). Nevertheless, Rule 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

Fed. R. Civ. Pro. 54(b). As is clear from the rule, it "permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (quotation marks omitted). Thus, there are two different cases where entry of partial judgment is allowed. *See Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997). Judgment with respect to separate claims allows the parties to reach finality concerning discrete, adjudicated claims even though unrelated claims are still being litigated by the parties. *See id*. Judgments with respect to separate parties, however, allows the parties "to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." *See also Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 517-18 (7th Cir. 1999). *See also Lawyers Title*, 118 F.3d at 1162. Although this is not a case where the claims-based entry is possible, *see Lottie*, 408 F.3d at 938-39, because the Commissioners are now completely out of the litigation as a party, it does present an avenue for a Rule 54(b) determination with respect to them.

But just because the Court *can* enter a Rule 54(b) judgment does not mean that it *must* or even *should*. The decision is discretionary. *See* Fed. R. Civ. Pro. 54(b) ("the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims or parties") (emphasis added). *See also Cont'l*, 189 F.3d at 518-19. But giving the Court discretion does not give it

"carte blanche" power to send cases up for appeal. *U.S. v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). A Rule 54(b) certification departs from the norm of one appeal per case. *Id*. Therefore, the Court "is required to make a discretionary judgment, balancing the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided by a single appeal at a later time." *Cont'l*, 189 F.3d at 518. It is not enough that the Court wants to accommodate counsel's desire for an immediate appeal. *Ettrick*, 916 F.2d at 1218. Rather, the Court "must carefully consider whether immediate appeal is appropriate in a particular case." *Id*.

The Commissioners have not given this Court any justification for departing from the normal procedure in this case. They only contend that there are no claims against them now and the Plaintiff cannot bring a new claim against them because the statute of limitations has passed. (*See* DE 34 at 2.) Consequently, they conclude, "[t]here is no just reason for delay." (*Id.*)

The Court disagrees. Entering a Rule 54(b) judgment now opens up the possibility of piecemeal litigation. The Seventh Circuit has made clear that it prefers to see a case only once. *See, e.g.*, *Lottie*, 408 F.3d at 938-39. Breaking this case up would therefore be contrary to the Seventh Circuit's preferences. While I understand the Commissioners' desire to reach finality with respect to their liability in this case, I do not think that alone is enough to outweigh the policy against piecemeal litigation. The March 2 Order disposed of all claims against the Commissioners, (*see* DE 29), and the Plaintiff has declined to amend their claims to keep the Commissioners in the case, (*see* DE 30). Consequently, the Commissioners do not presently face a threat of liability. In addition, while the Commissioners may ultimately be before the Seventh Circuit, if that happens after the adjudication of the remaining claims, at least the

Seventh Circuit will have the benefit of knowing the disposition of those claims. That leads me to conclude that there is even some additional benefit to denying the entry of judgment at this point.

While I have the discretion to enter a Rule 54(b) judgment in favor of the Commissioners at this point, for the reasons discussed above I do not believe this is an appropriate case for the exercise of that discretion. Therefore, both the Commissioners' Motion to Enter Final Judgment [DE 33] and their amended motion [DE 34] are **DENIED**.

**SO ORDERED**.

ENTERED: May 1, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
