UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LEANNE C. SHOPPELL, ) | | |
| as Personal Representative of the ESTATE OF ) | | |
| LARRY E. WALKUP, Deceased, ) | | |
| ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | CAUSE NO. 1:08-CV-284 | |
| ) | | |
| MICHAEL D. SCHRADER, ) | | |
| as Sheriff of Whitley County, Indiana, et al, ) | | |
| ) | | |
|     Defendants. ) | | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Compel Discovery (Docket # 47) that Defendant Whitley County Council filed on August 12, 2009. Because Defendant has not shown that it has complied with the meet and confer requirement of both Federal Rule of Civil Procedure 37(a)(1) and Northern District of Indiana Local Rule 37.1, the Motion to Compel will be DENIED at this time.

*Background*

Briefly stated, this case involves claims by Leanne C. Shoppell as the representative of the Estate of Larry Walkup, who died while incarcerated in the Whitley County Jail. This discovery dispute arises from the Plaintiff's failure to respond to Defendant Whitley County Council's interrogatories and requests for production of documents. Defendant explained in its motion that Plaintiff's discovery was due on July 6, 2009, and after receiving no response as of July 24, 2009, Defendant's counsel sent Plaintiff's counsel a letter requesting a response by August 3, 2009. (Mot. to Compel ¶ 1-2.) By August 5, Defendant still had not received a response, and it attempted to follow up with a phone call. (Mot. to Compel ¶ 3.) The motion

does not indicate whom Defendant's counsel spoke with, but merely states that "Plaintiff's counsel's law office indicated that they hoped to have the discovery answers shortly." (Mot. to Compel ¶ 3.) Having received no response, Defendant filed the instant motion on August 12, 2009. (Docket # 47.)

*Discussion*

Local Rule 37.1(a) provides that the certification required by Federal Rule of Civil Procedure 37(a)(1) "shall recite, in addition to the information required under the appropriate Federal Rule, the date, time, and place of the conference or attempted conference and the names of all persons participating therein." The certification must be made in a separate document filed contemporaneously with the motion. N.D. Ind. L.R. 37.1(c).

As the Local Rule implies, a good faith effort to resolve a discovery dispute under Federal Rule of Civil Procedure 37(a)(1) "requires that counsel converse, confer, compare views, consult and deliberate." *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000) (finding that a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer). The requirement to meet-and-confer must be taken seriously, because "[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *See Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003)).

Here, it is immediately apparent that Defendant's motion is inadequate because it does not include the good faith certification Local Rule 37.1(a) requires, reciting in a separate document the date, time, and place of counsels' conferences and the names of all the persons

who participated. Moreover, Defendant's motion hardly demonstrates that its counsel has met his duty to confer, since his efforts amounted to merely a single letter to Plaintiff's counsel and a brief telephone conversation with an unspecified individual at "Plaintiff's counsel's law office". (Mot. to Compel ¶ 3.) *See, e.g., Pinkham v. Gen. Prods. Corp.*, No. 1:07-CV-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (finding that counsel's five letters were "standing alone, insufficient to suggest that they amount to a conference or that a real conference would be futile") (citing *Williams*, 192 F.R.D. at 700). Consequently, the motion to compel will be denied for failing to comply with Federal Rule Civil Procedure 37(a)(1) and Local Rule 37.1.

### *Conclusion*

Accordingly, for the reasons provided, Defendant Whitley County Council's Motion to Compel (Docket # 47) is hereby DENIED. The motion can be renewed, if necessary, after counsel conduct a conference, or the Defendant properly shows that a conference was attempted.

SO ORDERED.

Enter for August 13, 2009.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge